UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| **DREXEL GILSTRAP** § | |
| Plaintiff, § | |
| § | **CIVIL ACTION NO. 7:19-cv-213** |
| vs. § | |
| § | |
| **REPUBLIC LOGISTICS, LLC, AND** § | |
| **CODY COBB,** § | |
| Defendants. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Drexel Gilstrap ("Plaintiff") files this Original Complaint as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff previously worked as an employee for Defendant Republic Logistics, LLC, ("Republic"), which is owned and controlled by Cody Cobb (Republic and Mr. Cobb are collectively referred to as "Defendants"). Plaintiff was hired by Republic in or about August of 2018. During his time with Defendants, Plaintiff was paid the same rate for every hour worked, even when he worked more than 40 hours in a week (which he always did), and thus never received overtime pay.

2. Plaintiff brings this action to recover minimum wage and overtime compensation violations and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. se. (the "FLSA").

3. Plaintiff also brings a claim for minimum wage violations under the FLSA.

## II. PARTIES

4. Plaintiff Drexel Gilstrap is an individual who was formerly employed by Defendant. Plaintiff's FLSA consent form is attached as Exhibit 1.

5. Defendant Republic Logistics, LLC is a Texas corporation, licensed and doing business in Texas, and may be served through its registered agent for service of press, Timothy Pittman, 4702 Royal Troon, San Angelo, Texas 76904, or where found.

6. Defendant Cody Cobb is an individual residing in Texas. Mr. Cobb may be served at 5501 Heartland Ct., Midland, Texas 79707, or where found.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendant because it is a Texas resident. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, much of the work performed by Plaintiff was performed in the Permian Basin, and more specifically, in and around the Midland, Texas area, which is located in the Western District of Texas.

## IV. COVERAGE

10. At all relevant times, Defendants have acted, directly or indirectly, as an employer with respect to Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13. At all relevant times, Plaintiff was an employee of Defendants who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

14. Republic is a trucking company handling logistics for the oil and gas industry. Republic is owned by Cody Cobb, who is responsible for the general operations of Republic. In this capacity, Mr. Cobb is responsible for the day-to-day operations of Republic. He is also responsible for the wages to be paid to Plaintiff, the worked to be performed by Plaintiff, the locations of work performed by Plaintiff, the hours to be worked by Plaintiff, and the compensation policies with respect to Plaintiff. Republic contracts with a company called Alamo Pressure Pumping, who in turn contracts with XTO Energy. Republic employees perform

various tasks as delegated by Alamo at XTO drill sites. On information or belief, Republic has over eighty (80) employees working at any given time in different parts of Texas, including Pecos and Midland-Odessa.

15. Every week, or virtually every week that Plaintiff worked for Defendants from August of 2018 until August of 2019, Plaintiff worked more than 40 hours per week. As a supervisor, Mr. Gilstrap was required to conduct manual labor for Defendants. Most of Plaintiff's work was performed in the Permian Basin, in and around the Midland-Odessa area. Plaintiff was paid straight time at a rate of $30/hour for every hour he worked, even when his hours exceeded 40 per week, which they did every week, or virtually every week, he worked for Defendants. While Plaintiff has not had the opportunity to review Defendants' documents or otherwise conduct discovery, he estimates that he averaged working 93 hours a week, 13 hours a day for 7 days a week, while employed by Defendants. Thus, Plaintiff alleges that Defendants violated the FLSA by failing to pay him overtime for all his hours worked.

16. When Plaintiff was employed with Defendants, Plaintiff did not receive his last two paychecks. As a result, he was not even paid the minimum wage, as required under the FLSA.

17. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating Plaintiff for his employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed. Further, Defendants violated, and are violating 29 U.S.C. § 206 by employing Plaintiff in an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of the FLSA without paying him the minimum wage.

18.     No exemption excuses Defendants from paying Plaintiff overtime rates under the FLSA. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Specifically, Defendants knew or should have known that Plaintiff was working more than 40 hours per week, and Defendants consciously chose not to pay Plaintiff overtime for the hours worked above 40 each week. Plaintiff is entitled to liquidated damages as a result of such conduct.

19.     Plaintiff is entitled to receive overtime pay at a rate of one-and-one-half times his regular rate for all hours worked in excess of 40 per workweek.

20.     Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. CAUSES OF ACTION

**COUNT ONE - VIOLATION OF THE FLSA - UNPAID OVERTIME**

21.     The foregoing allegations are incorporated herein by reference.

22.     Plaintiff was a non-exempt employee of Defendants.

23.     Plaintiff is entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

24.     Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

25. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for the entire time he worked for Defendants, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO - VIOLATION OF THE FLSA - MINIMUM WAGE

26. The foregoing allegations are incorporated herein by reference.

27. Plaintiff is entitled to receive the minimum wage for all hours worked during his last two paycheck cycles.

28. Defendants violated 29 U.S.C. § 206 et. seq. by failing to pay Plaintiff minimum wage at a rate of $7.25 an hour for all hours worked.  In fact, Defendants did not pay him at all for the last two paycheck cycles of his employment.

29. Plaintiff seeks all his minimum wage compensation as required by 29 U.S.C. § 206 et. seq.

### COUNT THREE - QUANTUM MERUIT/UNJUST ENRICHMENT

30. The foregoing allegations are incorporated herein by reference.

31. Pleading further and in the alternative, Plaintiff seeks recovery from Defendants under the doctrines of quantum meruit and unjust enrichment.

32. Defendants sought, received and accepted services from Plaintiff.  Defendants did not pay Plaintiff at all for the last two paycheck cycles of his employment.

33. Defendants had reasonable notice that Plaintiff expected to receive payment for the services Defendants received.

34. Defendants will be unjustly enriched if allowed to retain the benefit of Plaintiff's services without paying Plaintiff for them.

35. Defendants' acceptance of Plaintiff's services and failure to pay for them has caused Plaintiff damages, as well as attorney's fee under Chapter 38.001 of the Texas Civil Practice and Remedies Code, for which he now sues.

## VII. DESIGNATION OF EXPERT WITNESS

36. Plaintiff designates the following individual as an expert witness in this case:

> Josh Borsellino
> Borsellino, P.C.
> 1020 Macon St., Suite 15
> Fort Worth, Texas 76102
> T: 817.908.9861
> F: 817.394.2412

37. As permitted under the FLSA and Chapter 38.001 of the Texas Civil Practice and Remedies Code, Plaintiff seeks attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiff in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that Defendants be required to answer and appear, and that on final hearing, Plaintiff be awarded:

   a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Minimum wage for all hours worked during last two paycheck cycles at a rate of $7.25 an hour;

c. Liquidated damages in an amount equal to the unpaid overtime and minimum wage compensation;

d. Attorney's fees, costs and expenses;

e. Pre- and post-judgment interest at the highest rates allowed by law; and

f. All other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Morgan Scott
State Bar No. 24106412
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email:  josh@dfwcounsel.com
            morgan@oilfieldovertime.com

**ATTORNEYS FOR PLAINTIFF**